IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OVIDIO WELCHEZ MARROQUIN : | |
| Petitioner, : | |
| : | |
| v. : | Civil No.: 2:26-cv-01051 |
| : | |
| JAMAL L. JAMISON, et al., : | |
| Respondents. : | |

**ORDER**

**AND NOW**, this 24th day of February, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 3) and Petitioner's Reply to Respondents' Answer (ECF No. 4),

**IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**[1] as follows:

---

[1] Mr. Welchez Marroquin has resided in the United States since he entered without inspection in 1999. *See* Pet. for Habeas Corpus ¶¶ 22, 24. When he entered the United States in 1999, he was detained by the Department of Homeland Security ("DHS") and released on a $5,000 bond. *Id.* ¶ 25. Mr. Welchez Marroquin satisfied every condition of his release and fully complied with the requirements of his removal proceedings, which were ultimately dismissed several years ago pursuant to prosecutorial discretion. *Id.* As a result, Mr. Welchez Marroquin had no continuing obligation to appear before the immigration court. *Id.* On February 18, 2026, as he was leaving his home to get into his car, he was stopped by immigration officials and taken into custody. *Id.* ¶ 26. DHS currently holds Mr. Welchez Marroquin at the Philadelphia Federal Detention Center. *Id.* ¶ 27.

The Government contends that (1) Mr. Welchez Marroquin is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (2) Mr. Welchez Marroquin's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

Accordingly, Mr. Welchez Marroquin's mandatory detention without the opportunity for a bail hearing is unlawful.

1. Mr. Welchez Marroquin is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Welchez Marroquin from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on February 26, 2026;

3. If the Government chooses to pursue re-detention of Mr. Welchez Marroquin pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.